# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LUKE E. DELUNA,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-23-890-G |
| | ) |
| **STEVEN HARPE, Director,** | ) |
| **Oklahoma Department of Corrections,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Luke E. Deluna, an Oklahoma prisoner appearing through counsel, filed this 28 U.S.C. § 2254 habeas action on October 5, 2023. *See* Pet. (Doc. No. 1). The matter was referred to Magistrate Judge Amanda Maxfield Green for initial proceedings in accordance with 28 U.S.C. § 636(b)(1).

Respondent Steven Harpe, Director of the Oklahoma Department of Corrections, filed a Motion to Dismiss (Doc. No. 9), asserting that the Petition presented both claims that were exhausted before the state courts and claims that had not been. After Petitioner failed to respond to the Motion to Dismiss, Judge Green directed Petitioner to file either a supplemental brief regarding the relevant factors for a stay of this federal action pending exhaustion or an amended petition that presents only the exhausted claims. *See* Order of Apr. 10, 2024 (Doc. No. 11) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). Rather than complying, Petitioner filed a motion (Doc. No. 12), styled as "Supplemental Briefing," that did not address the relevant stay factors.

Judge Green then issued a Report and Recommendation ("R. & R.," Doc. No. 14). In the R. & R., Judge Green set forth the factual and legal background of this case in detail and ultimately found that Petitioner had not shown an entitlement to a stay of habeas proceedings pending exhaustion of his remaining claims in the state courts. *See id.* at 5. The R. & R. therefore recommended that Respondent's Motion to Dismiss be granted "unless, within 21 days of any order by the district court adopting [the R. & R.], Petitioner chooses to amend his habeas petition to present only the exhausted claims." *Id.* at 6. The parties were advised of their right to object to the Report and Recommendation by June 12, 2024. Judge Green also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the Report and Recommendation. *See id.*

Within the time to object, Petitioner filed a Motion to Dismiss Only the Non-Exhausted Claims (Doc. No. 15), seeking to amend his habeas petition. Respondent has not responded within the time allowed by the Federal and Local Civil Rules.

## CONCLUSION

Having considered all of the above as well as the relevant case record, the Court ORDERS as follows:

1. The reasoning of the Report and Recommendation (Doc. No. 14) is ADOPTED;

2. Petitioner's unopposed Motion to Dismiss Only the Non-Exhausted Claims (Doc. No. 15) is GRANTED; and

3. Respondent's Motion to Dismiss (Doc. No. 9) and Petitioner's Motion to Supplement (Doc. No. 12) are DENIED AS MOOT.

IT IS FURTHER ORDERED that this matter is re-referred to Judge Green to direct the filing of an amended petition and for further proceedings consistent with the initial case referral.

IT IS SO ORDERED this 6th day of August, 2024.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge